# EXHIBIT 1

# Maryland Community Trust Act (SB 791) Enacted April 13, 2026

# SENATE BILL 791

E5, E2

*EMERGENCY BILL*
*ENROLLED BILL*
— *Judicial Proceedings / Judiciary* —

(6lr3470)

Introduced by **Senator Lam**

Read and Examined by Proofreaders:

_____
Proofreader.

_____
Proofreader.

Sealed with the Great Seal and presented to the Governor, for his approval this

_____ day of _____ at _____ o'clock, _____M.

_____
President.

CHAPTER _____

AN ACT concerning

**Correctional Services and ~~Public Safety~~ *Criminal Procedure* – Immigration Enforcement – Prohibitions (Community Trust Act)**

FOR the purpose of prohibiting ~~employees and agents of State and~~ local correctional facilities from taking certain actions related to immigration enforcement, subject to certain exceptions; prohibiting law enforcement agents from taking certain actions related to immigration enforcement, subject to certain exceptions; *prohibiting State and local correctional facilities from taking certain actions against an individual based on a certain immigration status of the individual or any other person;* requiring employees and agents of State correctional facilities to provide a certain notice; authorizing a District Court commissioner or a judge to consider the existence of a certain request when considering whether to authorize pretrial release or set bond or bail; and generally relating to immigration enforcement.

---

EXPLANATION: **CAPITALS INDICATE MATTER ADDED TO EXISTING LAW.**
 **[Brackets]** indicate matter deleted from existing law.
 Underlining indicates amendments to bill.
 ~~Strike out~~ indicates matter stricken from the bill by amendment or deleted from the law by
  amendment.
 *Italics indicate opposite chamber / conference committee amendments.*



BY adding to
      Article – Correctional Services
      Section 8–805
      Annotated Code of Maryland
      (2025 Replacement Volume)

BY repealing and reenacting, with amendments,
      Article – Criminal Procedure
      Section 5–104
      Annotated Code of Maryland
      (2025 Replacement Volume)

BY adding to
      Article – Criminal Procedure
      Section 5–201.1
      Annotated Code of Maryland
      (2025 Replacement Volume)

      SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND, That the Laws of Maryland read as follows:

**Article – Correctional Services**

**8–805.**

      **(A)   (1)   IN THIS SECTION THE FOLLOWING WORDS HAVE THE MEANINGS INDICATED.**

      **(2)   "CIVIL IMMIGRATION VIOLATION" MEANS A VIOLATION OF FEDERAL CIVIL IMMIGRATION LAW.**

      **(3)   "COURT ORDER" DOES NOT INCLUDE A DOCUMENT ISSUED BY:**

            **(I)   THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY;**

            **(II)   THE UNITED STATES DEPARTMENT OF JUSTICE; OR**

            **(III)   ANY SUCCESSOR AGENCY.**

      **(4)   "~~COVERED~~ *CONVICTED* INDIVIDUAL" MEANS AN INDIVIDUAL WHO HAS BEEN CONVICTED OF:**

            **(I)   A FELONY UNDER THE LAWS OF THIS STATE;**

**(II)**    AN OFFENSE FOR WHICH REGISTRATION AS A SEX OFFENDER IS REQUIRED; ~~OR~~

**(III)**    AN OFFENSE FOR WHICH THE INDIVIDUAL WAS SENTENCED TO A TERM OF INCARCERATION TO BE SERVED AT A STATE CORRECTIONAL FACILITY; OR

**(IV)**    AN OFFENSE IN ANOTHER STATE FOR WHICH THE INDIVIDUAL WAS SENTENCED TO AT LEAST 5 YEARS OF INCARCERATION AND THE INDIVIDUAL COMPLETED AT LEAST 5 YEARS OF INCARCERATION OF THAT SENTENCE.

**(5)**    "IMMIGRATION DETAINER" MEANS A WRITTEN OR ELECTRONIC REQUEST ISSUED BY A FEDERAL IMMIGRATION AUTHORITY TO REQUEST THAT ANOTHER LAW ENFORCEMENT AGENCY DETAIN A PERSON THAT IS:

**(I)**    BASED ON PROBABLE CAUSE TO BELIEVE THAT THE PERSON TO BE DETAINED IS A REMOVABLE ALIEN UNDER FEDERAL IMMIGRATION LAW; AND

**(II)**    ACCOMPANIED BY A FORM I–205 WARRANT OF REMOVAL/DEPORTATION OR A SUCCESSOR FORM.

~~(4)~~ **(6)**    "JUDICIAL WARRANT" DOES NOT INCLUDE A DOCUMENT ISSUED BY:

**(I)**    THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY;

**(II)**    THE UNITED STATES DEPARTMENT OF JUSTICE; OR

**(III)**    ANY SUCCESSOR AGENCY.

**(7)**    "LOCAL CORRECTIONAL FACILITY" INCLUDES:

**(I)**    THE BALTIMORE CITY DETENTION CENTER; AND

**(II)**    THE CENTRALIZED BOOKING FACILITY IN BALTIMORE CITY THAT IS OPERATED BY THE DIVISION OF PRETRIAL DETENTION AND SERVICES IN THE DEPARTMENT.

**(B)**    **(1)**    PARAGRAPH (2)(I), (III), ~~(IV), AND (V)~~ *AND (IV)* OF THIS SUBSECTION DOES NOT APPLY TO A ~~COVERED~~ *CONVICTED* INDIVIDUAL.

**(2)** EXCEPT AS PROVIDED IN PARAGRAPHS ~~(2) AND (3)~~ **(3)** AND **(4)** OF THIS SUBSECTION, ~~AN EMPLOYEE OR AGENT OF A STATE OR~~ A LOCAL CORRECTIONAL FACILITY MAY NOT~~, IN THE COURSE OF THE EMPLOYEE'S OR AGENT'S DUTIES~~:

(I) INQUIRE ABOUT OR INVESTIGATE AN INDIVIDUAL'S CITIZENSHIP, IMMIGRATION STATUS, OR PLACE OF BIRTH;

(II) DETAIN OR PROLONG THE DETENTION OF AN INDIVIDUAL:

1. FOR THE PURPOSE OF INVESTIGATING THE INDIVIDUAL'S CITIZENSHIP OR IMMIGRATION STATUS;

2. BASED ON THE SUSPICION THAT THE INDIVIDUAL HAS COMMITTED A CIVIL IMMIGRATION VIOLATION; OR

3. AT THE REQUEST OF FEDERAL IMMIGRATION AUTHORITIES UNLESS PRESENTED WITH A VALID JUDICIAL WARRANT;

(III) NOTIFY FEDERAL IMMIGRATION AUTHORITIES THAT AN INDIVIDUAL IS IN CUSTODY UNLESS REQUIRED BY A VALID COURT ORDER OR JUDICIAL WARRANT; _OR_

(IV) TRANSFER AN INDIVIDUAL TO FEDERAL IMMIGRATION AUTHORITIES UNLESS PRESENTED WITH A VALID JUDICIAL WARRANT~~; OR~~

~~(V)   COERCE, INTIMIDATE, OR THREATEN AN INDIVIDUAL BASED ON THE ACTUAL OR PERCEIVED CITIZENSHIP OR IMMIGRATION STATUS OF THE INDIVIDUAL OR ANY OTHER PERSON.~~

~~(2)~~ **(3)** NOTHING IN THIS SUBSECTION SHALL PREVENT ~~AN EMPLOYEE OR AGENT OF~~ A ~~STATE OR~~ LOCAL CORRECTIONAL FACILITY FROM:

(I) INQUIRING ABOUT INFORMATION THAT IS MATERIAL TO A ROUTINE BOOKING PROCEDURE; OR

(II) ENTERING INFORMATION INTO THE NATIONAL CRIME INFORMATION CENTER.

~~(3)~~ **(4)** IF THE CITIZENSHIP OR IMMIGRATION STATUS OF AN INDIVIDUAL IS RELEVANT TO A PROTECTION ACCORDED TO THE INDIVIDUAL UNDER STATE OR FEDERAL LAW, OR SUBJECT TO A REQUIREMENT IMPOSED BY

INTERNATIONAL TREATY, ~~AN EMPLOYEE OR AGENT OF~~ A ~~STATE OR~~ LOCAL CORRECTIONAL FACILITY MAY:

(I) NOTIFY THE INDIVIDUAL OF THE PROTECTION OR REQUIREMENT; OR

(II) PROVIDE THE INDIVIDUAL WITH AN OPPORTUNITY TO VOLUNTARILY DISCLOSE THE INDIVIDUAL'S CITIZENSHIP OR IMMIGRATION STATUS FOR THE PURPOSE OF RECEIVING THE PROTECTION OR COMPLYING WITH THE REQUIREMENT.

(C) (1) THIS SUBSECTION DOES NOT APPLY TO:

(I) THE BALTIMORE CITY DETENTION CENTER; AND

(II) THE CENTRALIZED BOOKING FACILITY IN BALTIMORE CITY THAT IS OPERATED BY THE DIVISION OF PRETRIAL DETENTION AND SERVICES IN THE DEPARTMENT.

(2) A STATE CORRECTIONAL FACILITY SHALL PROVIDE ~~WRITTEN~~ NOTICE TO FEDERAL IMMIGRATION AUTHORITIES OF THE RELEASE OF AN INDIVIDUAL WHO IS THE SUBJECT OF AN ACTIVE IMMIGRATION DETAINER WITHIN 48 HOURS BEFORE THE RELEASE OF THE INDIVIDUAL.

*(D) A STATE CORRECTIONAL FACILITY OR A LOCAL CORRECTIONAL FACILITY MAY NOT COERCE, INTIMIDATE, OR THREATEN AN INDIVIDUAL BASED ON THE ACTUAL OR PERCEIVED CITIZENSHIP OR IMMIGRATION STATUS OF THE INDIVIDUAL OR ANY OTHER PERSON.*

~~(D)~~ *(E)* (1) THE ATTORNEY GENERAL OR AN INDIVIDUAL WHO HAS BEEN SUBJECTED TO A VIOLATION OF THIS SECTION MAY BRING A CIVIL ACTION TO ENFORCE THIS SECTION.

(2) IN AN ACTION BROUGHT UNDER PARAGRAPH (1) OF THIS SUBSECTION, THE COURT MAY ISSUE TEMPORARY, PRELIMINARY, OR PERMANENT INJUNCTIVE RELIEF TO PREVENT AN ACT THAT WOULD CONSTITUTE A VIOLATION OF THIS SECTION.

~~(C) UNLESS REQUIRED BY STATE OR FEDERAL LAW OR A COURT ORDER, AN EMPLOYEE OR AGENT OF A STATE OR LOCAL CORRECTIONAL FACILITY MAY NOT:~~

~~(1) IN THE COURSE OF THE EMPLOYEE'S OR AGENT'S DUTIES, PROVIDE INFORMATION TO FEDERAL IMMIGRATION AUTHORITIES; OR~~

~~(2) ALLOW FEDERAL IMMIGRATION AUTHORITIES TO ACCESS:~~

~~(I) AN AREA OF A STATE OR LOCAL CORRECTIONAL FACILITY NOT ACCESSIBLE TO THE PUBLIC; OR~~

~~(II) RECORDS RELATING TO A STATE OR LOCAL CORRECTIONAL FACILITY THAT ARE NOT ACCESSIBLE TO THE PUBLIC.~~

~~(D) (1) EACH STATE AND LOCAL CORRECTIONAL FACILITY SHALL ADOPT A POLICY CONSISTENT WITH THE REQUIREMENTS OF THIS SECTION.~~

~~(2) THE POLICY REQUIRED BY THIS SUBSECTION SHALL INCLUDE PENALTIES FOR AN EMPLOYEE OR AGENT WHO VIOLATES THE REQUIREMENTS OF THIS SECTION.~~

~~(E) AN INDIVIDUAL WHO HAS BEEN SUBJECTED TO A VIOLATION OF THIS SECTION MAY BRING AN ACTION FOR:~~

~~(1) ACTUAL DAMAGES;~~

~~(2) PUNITIVE DAMAGES; AND~~

~~(3) INJUNCTIVE RELIEF.~~

**Article – Criminal Procedure**

5–104.

(a) (1) In this section the following words have the meanings indicated.

(2) "Civil immigration violation" means a violation of federal civil immigration law.

**(3) "COURT ORDER" DOES NOT INCLUDE A DOCUMENT ISSUED BY:**

**(I) THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY;**

**(II) THE UNITED STATES DEPARTMENT OF JUSTICE; OR**

**(III) ANY SUCCESSOR AGENCY.**

**[**(3)**] (4)** "Family member" means a relative by blood, adoption, or marriage.

[(4)] **(5)**      "Household member" means a person who lives with another or is a regular presence in the home of another.

[(5)] **(6)**      (i)      "Law enforcement agent" means an individual who is certified by the Maryland Police Training and Standards Commission under § 3–209 of the Public Safety Article.

(ii)      "Law enforcement agent" does not include an agent or employee of a State correctional facility or a local correctional facility.

[(6)] **(7)**      "Local correctional facility" has the meaning stated in § 1–101 of the Correctional Services Article.

[(7)] **(8)**      "State correctional facility" has the meaning stated in § 1–101 of the Correctional Services Article.

(b)      (1)      In this subsection, "arrest" does not include a routine booking procedure.

(2)      Except as provided in paragraphs (3) and (4) of this subsection, a law enforcement agent may not, during the performance of regular police functions:

(i)      inquire about an individual's citizenship, immigration status, or place of birth during a stop, a search, or an arrest;

(ii)      detain, or prolong the detention of, an individual:

1.      for the purpose of investigating the individual's citizenship or immigration status; or

2.      based on the suspicion that the individual has committed a civil immigration violation;

(iii)      transfer an individual to federal immigration authorities unless required by federal law; **[or]**

(iv)      coerce, intimidate, or threaten any individual based on the actual or perceived citizenship or immigration status of the individual or:

1.      the individual's family member;

2.      the individual's household member;

3.      the individual's legal guardian; or

4.       another individual for whom the individual is a legal guardian**; OR**

**(V)       ~~NOTIFY FEDERAL IMMIGRATION AUTHORITIES THAT AN INDIVIDUAL IS IN CUSTODY~~ PROVIDE FEDERAL IMMIGRATION AUTHORITIES WITH INFORMATION ABOUT AN INDIVIDUAL OBTAINED IN THE COURSE OF THE LAW ENFORCEMENT AGENT'S DUTIES UNLESS REQUIRED BY A VALID COURT ORDER.**

(3)       Nothing in this subsection shall prevent a law enforcement agent from inquiring about any information that is material to a criminal investigation.

(4)       If the citizenship or immigration status of an individual is relevant to a protection accorded to the individual under State or federal law, or subject to a requirement imposed by international treaty, a law enforcement agent may:

(i)       notify the individual of the protection or requirement; and

(ii)       provide the individual an opportunity to voluntarily disclose the individual's citizenship or immigration status for the purpose of receiving the protection or complying with the requirement.

**~~(C)       (1)       EACH LAW ENFORCEMENT AGENCY IN THE STATE SHALL ADOPT A POLICY CONSISTENT WITH THE REQUIREMENTS OF THIS SECTION.~~**

**~~(2)       THE POLICY REQUIRED BY THIS SUBSECTION SHALL INCLUDE PENALTIES FOR AN EMPLOYEE OR AGENT WHO VIOLATES THE REQUIREMENTS OF THIS SECTION.~~**

**~~(D)       AN INDIVIDUAL WHO HAS BEEN SUBJECTED TO A VIOLATION OF THIS SECTION MAY BRING AN ACTION FOR:~~**

**~~(1)       ACTUAL DAMAGES;~~**

**~~(2)       PUNITIVE DAMAGES; AND~~**

**~~(3)       INJUNCTIVE RELIEF.~~**

**5–201.1.**

**(A)       IN THIS SECTION, "IMMIGRATION DETAINER" HAS THE MEANING STATED IN § 8–805 OF THE CORRECTIONAL SERVICES ARTICLE.**

**(B)       IN ADDITION TO ANY OTHER FACTOR ALLOWED BY THE MARYLAND RULES OR COMMON LAW, A DISTRICT COURT COMMISSIONER OR A JUDGE MAY**

**CONSIDER THE EXISTENCE OF AN IMMIGRATION DETAINER WHEN DETERMINING WHETHER TO:**

**(1)    AUTHORIZE PRETRIAL RELEASE FOR A DEFENDANT CHARGED WITH A FELONY; OR**

**(2)    SET BOND OR BAIL FOR A DEFENDANT CHARGED WITH A FELONY.**

~~SECTION 2. AND BE IT FURTHER ENACTED, That this Act shall take effect October 1, 2026.~~

*SECTION 2. AND BE IT FURTHER ENACTED, That, if any provision of this Act or the application of any provision of this Act to any person or circumstance is held invalid for any reason in a court of competent jurisdiction, the invalidity does not affect other provisions or any other application of this Act that can be given effect without the invalid provision or application, and for this purpose the provisions of this Act are declared severable.*

*SECTION 3. AND BE IT FURTHER ENACTED, That this Act is an emergency measure, is necessary for the immediate preservation of the public health or safety, has been passed by a yea and nay vote supported by three–fifths of all the members elected to each of the two Houses of the General Assembly, and shall take effect from the date it is enacted.*

Approved:

_____
                                                    Governor.

_____
                                            President of the Senate.

_____
                                     Speaker of the House of Delegates.