**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JEFFREY R. GAHLER, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | |
| WES MOORE, Governor, in his official capacity, *et al.*, | * | Case No. 1:26-cv-02057 |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * *

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this Notice to inform the Court of a recent decision by the U.S. Court of Appeals for the Fourth Circuit in *United States v. Commonwealth of Virginia*, Nos. 26-1874, 26-2258 (4th Cir. Nov. 23, 2026), attached here as Exhibit A. In *Virginia*, the Circuit addressed two Virginia laws concerning federal immigration enforcement, vacating a preliminary injunction barring enforcement of a law limiting the circumstances under which state and local agencies may enter into and participate in agreements under Section 287(g) of the Immigration and Nationality Act (the "287(g) Law"), *Virginia*, slip op. at 9–10, and affirming a preliminary injunction concerning a law it found as directly regulating federal officers' face coverings and identification ("the Mask/Identity Law"), *id.* at 4, 27–30.

As to the 287(g) law, the Circuit concluded that the federal government was not likely to succeed in showing that the law violated intergovernmental immunity principles. *See id.* at 9–10. The Circuit explained that "[t]he Federal Government may not 'command' the Commonwealth's 'officers, or those of [its] political subdivisions' (*Printz v. United States*, 521 U.S. 898, 935 (1997))

to assist with federal immigration enforcement efforts, and the Commonwealth's supreme lawmaking body has imposed new limits on when its agents may agree to do so." *Virginia*, slip op. at 4–5; *see also id.* at 10–12. In doing so, the Fourth Circuit identified *McHenry County v. Raoul*, 44 F.4th 581 (7th Cir. 2022), as "the most relevant decision" on the intergovernmental immunity issues before the Court, and endorsed its conclusions that state laws restricting state and local participation in federal immigration enforcement neither directly regulate federal officials nor prevent the federal government from using its own facilities or private contractors. *Virginia*, slip op. at 14–15 (citing *McHenry*, 44 F.4th at 593–94). Further, the Circuit explained that the federal government was "asking a federal court to commandeer state resources by requiring the Commonwealth's own agents to perform [immigration enforcement functions] on terms to which the Commonwealth now objects." *Id.* at 14. By contrast, as to the Mask/Identity Law, the Circuit concluded that the United States was likely to succeed on its claim that the law as applied to federal law enforcement directly regulates the federal government and intrudes on its authority to determine whether, how, and when its officers are publicly identified. *Id.* at 24–27.

Dated: November 25, 2026

Respectfully submitted,

**ANTHONY G. BROWN**
ATTORNEY GENERAL OF MARYLAND

*/s/ Virginia A. Williamson*
Virginia A. Williamson (D. Md. Bar No. 31472)
Adam Kirschner (D. Md. Bar No. 31767)
Lauren Gorodetsky (D. Md. Bar No. 32172)
*Assistant Attorneys General*
Office of the Attorney General
200 Saint Paul Place
Baltimore, MD 21202
(410) 576-6584
vwilliamson@oag.maryland.gov

*Counsel for Defendants*